TOWN LAW §§176(11), 176-a, 176-a(1), 189-a(2)(d); EXECUTIVE LAW § 23

The positions of assistant fire chief of a joint fire district and county director of emergency services are compatible.

December 13, 2017


William N. Young, Jr.                            Informal Opinion
Counsel                                          No. 2017-2
Delhi Joint Fire District
1881 Western Avenue, Suite 140
Albany, New York 12203


Dear Mr. Young:

You have requested an opinion regarding the compatibility of the positions of assistant fire chief and director of emergency services of the county in which the joint fire district is located. As explained below, we are of the opinion that the positions are compatible as a matter of law.

You have expressed concern that, in the event of a fire while the director of emergency services is at work, he will choose to remain at work instead of responding to the fire. But the inability to perform the duties of two positions simultaneously does not itself render the positions incompatible.[1] "[P]hysical impossibility is not the incompatibility of the common law, which existing, one office is *ipso facto* vacated by accepting another."[2] *People ex rel. Ryan v. Green*, 58 N.Y. 295, 304 (1874).

Rather, incompatibility exists when the functions or the duties of the positions are inconsistent; for example, if one position is subordinate to or subject to review by the other. *Id.* at 304-05; *see also O'Malley v. Macejka*, 44 N.Y.2d 530, 535 (1978). And because the positions you described—assistant fire chief and county director of emergency services—both have duties to perform with respect to preparing for and in an emergency, we must consider the areas where those duties overlap to determine whether the positions are incompatible.

---

[1] The board of fire commissioners is authorized to adopt rules and regulations that govern all of the fire departments in the fire district and that prescribe the duties of the members of the fire departments. Town Law § 176(11). The fire chief and assistant chiefs are nominated by the members of a fire department and appointed by the board of fire commissioners. *Id.* § 176(11-a). A nominee must be a member of the fire department. *Id.* The board of fire commissioners could address requirements of the assistant fire chiefs with respect to responding to fires by rule or regulation.

[2] "Incompatibility" is a term of art signifying an inherent conflict of interest. Physical impossibility may be another obstacle to holding both positions but it is not "incompatibility."

The fire chief is in charge of a fire district fire department, subject to the direction of the board of fire commissioners, which is the fire district's governing body. Town Law § 176-a (1); *see also id.* § 189-a(2)(d) (operation of joint fire district governed by statutes governing fire districts). The fire chief has exclusive control of the members of the fire department of the fire district at all fires, inspections, reviews, and other occasions when the fire department is on duty or parade. Town Law § 176-a(1). He or she also is charged with the supervision of the engines, fire trucks, pumpers, hose wagons and other apparatus and of the equipment and other property used for the prevention or extinguishment of fire. *Id.* He or she is responsible for supervising all officers and employees of the fire department. *Id.* In the fire chief's absence, the assistant fire chief performs the duties and exercises the powers of the fire chief. *Id.* If the assistant fire chief cannot perform the chief's duties in the chief's absence, the other assistant chiefs, in designated order, perform them. *Id.*

According to the description you provided, the county director of emergency services is responsible for planning, organizing, implementing, and evaluating a countywide program for emergency services. This includes developing, maintaining, and administering emergency plans to provide for government continuity in the event of an emergency; preparing for the county board of supervisors both the county fire mutual aid plan and the countywide comprehensive plan for emergency services authorized by Executive Law § 23; administering a countywide communication system for emergency services; overseeing the development of inter- and intra-county mutual aid programs; liaising between state and local public safety and emergency departments, including fire departments; preparing incident reports determining the cause and origin of mutual aid fires as requested by jurisdictional fire chiefs; supervising, scheduling, maintaining, and upgrading fire training facilities and equipment; and participating in meetings, drills and exercises.

We identify no inherent inconsistency between the positions. First, the assistant fire chief is not subordinate to the county director of emergency services. The assistant fire chief, a district employee, answers to the fire chief and the board of fire commissioners; the county director of emergency services supervises only county employees, and not district employees such as the assistant fire chief.

Second, the powers and duties of the two positions are not inconsistent. The positions function within separate governments, the county and the fire district. Their functions potentially overlap if the fire department uses or participates in any programs or systems provided by the County—fire training, for example, or the countywide communication system for emergency services—or in the event of an emergency within the county. Under both of these circumstances, however, the duties of the positions—of the county director of emergency services to develop or maintain

the programs or systems and of the assistant fire chief to utilize or participate in them—are in fact complementary, with the individual, when serving in his capacity as assistant fire chief, experiencing for himself the programs and systems that he oversees as director of emergency services. In the unlikely event of a conflict arising between the duties of the positions, the individual can abstain from acting in one capacity with respect to the matter.

In sum, we conclude that the positions of assistant fire chief and director of emergency services of the county in which the joint fire district is located are compatible as a matter of law. We offer no opinion as to whether having the same person perform both roles is prudent as a policy or operational matter.

The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,


KATHRYN SHEINGOLD
Assistant Solicitor General
  in Charge of Opinions